IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Beverley D. Wilson, | ) | C/A No.: 3:13-3567-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Jason T. Moss; Moss and Associates, P.A., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the removal of this action by Jason T. Moss and Moss and Associates, P.A. ("Defendants") from the Richland County Court of Common Pleas. [Entry #1 at 1]. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). After review of the pleadings, the undersigned recommends that this case be referred to a bankruptcy judge pursuant to Local Civil Rule 83.IX.01 (D.S.C.).

I.     Factual Background

Plaintiff's complaint alleges legal malpractice arising from a Chapter 11 bankruptcy proceeding. [Entry #1-1 at 1]. Plaintiff claims that Defendants' "numerous misrepresentations of bankruptcy law" and failure to file a plan of reorganization resulted in dismissal of her case, significant financial loss, and emotional distress. *Id.* at 3–4, 8, 12. Plaintiff seeks monetary damages and any further relief deemed appropriate by the court. *Id.* at 13.

II.     Discussion

Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Further, the Fourth Circuit Court of Appeals has recognized that a legal malpractice claim arising in a Chapter 11 bankruptcy proceeding may properly be heard in federal court and "falls within a bankruptcy court's core jurisdiction under 28 U.S.C. § 157." *Grausz v. Englander*, 321 F.3d 467, 475 (4th Cir. 2003); *see also A.H. Robins Co., Inc. v. Dalkon Shield Claimants Trust*, 86 F.3d 364, 372 (4th Cir. 1996) (holding that claims or proceedings arising in Title 11 are those that "are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy") (citation omitted). In accordance with 28 U.S.C. § 157(a), this district has granted authority, pursuant to Local Civil Rule 83.IX.01 (D.S.C.), to refer to a bankruptcy judge "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11." Local Civil Rule 83.IX.01 (D.S.C.).

The instant complaint and affidavit assert that Defendants' actions and omissions during their legal representation of Plaintiff in Title 11 bankruptcy proceedings constitute legal malpractice and resulted in the dismissal of Plaintiff's bankruptcy case. [Entry #1-1 at 2–12; Entry #1-1 at 14–17]. As Plaintiff's claims arise from and are wholly related to the management and outcome of her Chapter 11 bankruptcy case, referral of this action to a bankruptcy judge is appropriate. *See Dutt, LLC v. J. Steven Huggins*, C/A No. 3:12-

2036-CMC-PJG, 2012 WL 5381675 (D.S.C. Nov. 1, 2012) (referring a legal malpractice claim to a bankruptcy judge).

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge refer this matter to a bankruptcy judge in accordance with Local Civil Rule 83.IX.01 (D.S.C.).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 10, 2014                                Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).