IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Beverley D. Wilson, | ) | |
| | ) | C/A No. 3:13-3567-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Jason T. Moss; Moss and Associates, | ) | |
| P.A., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Beverly D. Wilson, proceeding pro se, filed a complaint on November 26, 2013, in the Court of Common Pleas for Richland County, South Carolina. Plaintiff alleges malpractice with respect to legal advice given by Defendants Jason T. Moss and Moss and Associates, P.A. pertaining to a bankruptcy proceeding. Defendants removed the action to this court on December 20, 2013, on the grounds that the complaint constitutes a core proceeding arising under Title 11 of the United States Bankruptcy Code over which the court has original jurisdiction. See 28 U.S.C. § 1334(b). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

On January 10, 2014, the Magistrate Judge filed a Report and Recommendation in which she noted that Local Civil Rule 83.IX.01 grants authority to the district court to refer proceedings arising or related to Title 11 to a bankruptcy judge. Accordingly, the Magistrate Judge recommended that the court refer this matter to a bankruptcy judge. Plaintiff filed objections to the Report and Recommendation on January 27, 2014.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

As the Magistrate Judge properly observed, the court has jurisdiction over this malpractice claim pursuant to 28 U.S.C. § 1334(b). See Grausz v. Englander, 321 F.3d 467, 471 (4th Cir. 2003). Plaintiff objects, however, to the Magistrate Judge's recommendation that the complaint be referred to a bankruptcy judge for disposition. Plaintiff contends that, because Defendants actively practice in the bankruptcy court, the bankruptcy court could exhibit bias toward Defendants or against Plaintiff that could affect the outcome of the case.

Plaintiff's assertion that a bankruptcy judge might not be impartial is purely speculative. Should Plaintiff perceive bias on the part of a bankruptcy judge, her remedy would be to request the judge to recuse himself. See 28 U.S.C. § 455(a). Further, Plaintiff's claims that Defendants improperly handled her bankruptcy proceeding require detailed knowledge of bankruptcy law and process to resolve. The court concludes that a bankruptcy judge is in a better position, in the first instance, to review and ascertain the merits of Plaintiff's allegations.

The court has thoroughly reviewed the record. The court adopts the Order and Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is referred to a bankruptcy judge of the United States Bankruptcy Court for the District of South Carolina.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 16, 2014.

2